United States District Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OFFICE OF JOSEPH ONWUTEAKA, PC, | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-01989 |
| CONSTANT CONTACT, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND OPINION

The Law Office of Joseph C. Onwuteaka, P.C., represented by Joseph Onwuteaka, sued Constant Contact, Inc., asserting claims for violations of Texas Deceptive Trade Practices Act (DTPA), fraud, breach of contract, and negligent misrepresentation. Onwuteaka alleges that Constant Contact agreed to provide mass email marketing services to his former clients but failed to do so while continuing to bill for such services. (Docket Entry No. 5). Constant Contact has moved to dismiss, arguing that Onwuteaka's complaint fails to plead facts that could support personal jurisdiction or state a claim. (Docket Entry No. 10). Based on the pleadings, the motion, response, and reply, and the applicable law, the court grants the motion to dismiss, without prejudice, and allows one more attempt to amend. The reasons for this ruling are set out below.

In his amended complaint, Onwuteaka alleges that Constant Contact charged it for services that Onwuteaka purchased from February 2016 to February 2025. The alleged services were "mass email mailing to plaintiff's former clients in exchange for a monthly fee of $44.78–$47.97." (Docket Entry No. 5, para. 12). Onwuteaka alleges that his firm entered into this arrangement based on representations — made at an unknown date and place, by an unidentified speaker — that Constant Contact "had the skill, knowledge and expertise to do mass email mailing for

plaintiff," and that it would "provide the mass email mailing." (*Id*., para. 11, 12). Onwuteaka alleges that Constant Contact was "not able to provide the mass email mailing services." *Id*. Despite this, Constant Contact allegedly "continued to charge plaintiff's credit card the monthly fee of $47.97, under the pretext that it was providing the mass email services." *Id*. Onwuteaka alleges that although he "notified" Constant Contact to "stop billing his credit card. . . Over the years by phone and emails," Constant Contact continued to bill the credit card through February 2025. *Id*.

Constant Contact first argues that it is incorporated in Delaware and has its principal place of business in Massachusetts and is not subject to personal jurisdiction in Texas. Onwuteaka alleges in his complaint that Constant Contact is subject to general personal jurisdiction in Texas, based on unspecified "continuous and systematic contacts with the State of Texas" and the fact that it designated a registered agent to receive service of process in Texas. (Docket Entry No. 1, para. 14; Docket Entry No. 5, para. 6). There is no basis in these general and conclusory allegations to permit the court to conclude that Constant Contact is subject to general jurisdiction in this state. *See, e.g., Pace v. Cirrus Design Corp.*, 93 F.4th 879, 898 (5th Circuit. 2024); *Garcia Hamilton & Associates, L.P. v. RBC Capital Markets, LLC*, 466 F.Supp.3d 692, at *700 (S.D. Tex. June 10, 2020) (physical presence in Texas and business transactions conducted and directed to the State do not constitute an "exceptional case" that would trigger general jurisdiction over a corporate defendant that is incorporated and has a principal place of business in another state) (quoting *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, (2017) citing *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). Having a registered agent in Texas is not a consent to general jurisdiction in the State. *See Rawls v. Old Republic Gen. Ins. Grp., Inc.*, 489 F. Supp. 3d 646 (S.D. Tex. 2020) (registration to do business and maintenance of a registered agent in Texas, along with other business activities, were

insufficient to establish general personal jurisdiction); *Bland v. Everdays, Inc.*, 2025 WL 297826, at *3 (N.D. Tex. Jan. 2., 2025).

Onwuteaka also alleges that Constant Contact is subject to specific jurisdiction in Texas based on its "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in Texas," and on an alleged tort committed in whole or in part in Texas. (Docket Entry No. 5, para. 7, 8). Because Onwuteaka does not allege what tort was committed in Texas or what performance was to occur in Texas (other than Onwuteaka paying Constant Contact), there is no prima facie showing of personal jurisdiction on these grounds. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, at *375 (5th Cir. 2024) (an insurer's securing an insurance contract with a Texas resident is insufficient to establish specific personal jurisdiction over the insurer); *Danziger & De Llano, L.L.P. v. Morgan Verkamp*, 24 F.4th 491, at *502 (5th Cir. 2022) (an Ohio law firm was not subject to specific personal jurisdiction in Texas because it did not perform its obligations in Texas and the contract did not require performance in Texas); *Ra-Amari v. RE/MAX LLC*, 2023 WL 9231998 (S.D. Tex. Mar. 3, 2023) (a court lacks specific personal jurisdiction when the complaint fails to show that the plaintiff's claims arise from or relate to the defendant's contacts with the forum.)

The claims are also insufficiently pleaded. Onwuteaka asserts claims under the Tex. Bus. & Com. Code § 17.50(a)(1),(3), fraud, and negligent misrepresentation. These claims require pleading with particularity, which is not satisfied by simply alleging the elements of the cause of action. That is precisely what Onwuteaka has done, and it is insufficient. Onwuteaka's claims for violations of the DTPA, fraud, unconscionability, and misrepresentation are dismissed. Similarly, Onwuteaka's breach of contract claim is dismissed for failure to allege the contract terms and how they were breached.

The court dismisses the complaint, without prejudice and with leave to amend, one more time. The amended complaint must be filed by August 15, 2025.

SIGNED on July 15, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge