United States District Court
Southern District of Texas
**ENTERED**
November 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAW OFFICE OF JOSEPH ONWUTEAKA, PC, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-25-1989 |
| v. | § § | |
| CONSTANT CONTACT, INC., | § § | |
| Defendant. | § § | |

## MEMORANDUM AND OPINION

The law office of Joseph Onwuteaka, PC, located in Houston, Texas and represented by Joseph Onwuteaka, sued Constant Contact in Texas state court over Constant Contact's alleged failure to provide marketing emails to his former clients. (Docket Entry No. 1-4). After Constant Contact removed the case to this court, Onwuteaka amended his complaint. (Docket Entry No. 5). His amended complaint asserted claims for violation of the Texas Deceptive Trade Practices Act, fraud, breach of contract, and negligent misrepresentation. (*Id.*). Constant Contact moved to dismiss. (Docket Entry No. 10). On July 15, 2025, this court granted the motion to dismiss, concluding that Onwuteaka had failed to plead facts showing that this court had jurisdiction over Constant Contact and that his claims were insufficiently pleaded. (Docket Entry No. 13). Onwuteaka then filed a second amended complaint, (Docket Entry No. 15), and Constant Contact again moved to dismiss. (Docket Entry No. 19). Because Onwuteaka's second amended complaint is nearly identical to his first amended complaint and has the same deficiencies, this court again grants the motion to dismiss. The court informed Onwuteaka in its prior memorandum and opinion that it would allow only one additional amendment, so this dismissal is with prejudice. (*Id.* at 1).

The factual background remains unchanged. Onwuteaka alleges that Constant Contact agreed to provide a mass emailing to his former clients in exchange for a monthly fee of just under $50. (Docket Entry No. 15) (¶ 12). Onwuteaka does not explain how or where he became involved with Constant Contact, except to state that before he purchased Constant Contact's services, Constant Contact agents "represented" to him that it had the skill and expertise to do mass emailing services. (*Id.*) (¶11). Onwuteaka alleges that despite billing him every month, Constant Contact never provided such services. (*Id.*) (¶ 12). He alleges that he tried to stop Constant Contact from billing him, but Constant Contact refused. (*Id.*).

Constant Contact again argues that Onwuteaka's claims against it must be dismissed for lack of personal jurisdiction.[1] (Docket Entry No. 19 at 14). The court agrees. As the court has already explained, Onwuteaka's conclusory allegation that Constant Contact is subject to general personal jurisdiction in Texas based on "continuous and systemic contacts with the State of Texas" and because it has a registered agent to receive service of process in Texas are insufficient to plead or show that Constant Contact is subject to general personal jurisdiction in this state. (Docket Entry No. 13 at 2). The only change that Onwuteaka made in this new amended complaint is to specify that the "continuous and systemic contacts" alleged were the credit card bills that he received each month. (Docket Entry No. 15) (¶ 6). This clarification in no way alters the court's prior conclusion that Onwuteaka has not pleaded or pointed to facts showing that Constant Contact is subject to general personal jurisdiction in Texas.

Onwuteaka has also failed to plead or point to facts showing that Constant Contact is subject to specific personal jurisdiction in Texas. The second amended complaint is largely the

---

[1] Constant Contact asserts that it is incorporated in Delaware and has a principal place of business in Massachusetts. (Docket Entry No. 19 at 1).

same as the first amended complaint in this regard. Onwuteaka alleges that the court has specific personal jurisdiction over Constant Contact because: (1) Constant Contact contracted with him to send mass emails and he lives and works in Texas; (2) Constant Contact agreed to do mass emails to his former clients in Texas; and (3) Constant Contact made negligent misrepresentations about those emails, knowing that he was in Texas. (Docket Entry No. 15) (¶¶ 7, 8). But as the court already explained, an out of state company's contract with an in-state resident is insufficient for specific personal jurisdiction over that company. (Docket Entry No. 13 at 3) (citing *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 375 (5th Cir. 2024)). The second amended complaint continues to provide no information as to where his communications with Constant Contact took place. The facts alleged again fail to make a *prima facie* showing of personal jurisdiction. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Finally, the court again concludes that Onwuteaka has failed to sufficiently plead his claims. Most of his claims are nearly identically pleaded in both the first amended complaint and the second amended complaint. (*Compare* Docket Entry No. 5 *and* Docket Entry No. 15). At best, Onwuteaka has clarified in two additional sentences that his breach of contract claim relates to Constant Contact's failure to mass email, but he has provided no information as to the terms of the contract itself—despite the court's notice that he needed to provide more information on that issue, (Docket Entry No. 13 at 3)—and continues to assert in conclusory fashion that a breach of contract occurred. (Docket Entry No. 15 at 6). His response to the motion to dismiss provides no caselaw in support of his assertion that his claims were sufficiently pleaded and merely points back to the language of the second amended complaint, (Docket Entry No. 20), despite the court's prior explanation as to why these largely identical claims were inadequately pleaded in the first amended

3

complaint. For the reasons explained in that memorandum and opinion, the court dismisses Onwuteaka's claims as insufficiently pleaded as well. (Docket Entry No. 15 at 3).

## I.    Conclusion

In the court's prior memorandum and opinion, it explained the flaws in Onwuteaka's first amended complaint and provided him with one more opportunity to fix those issues. He has failed to do. The court dismisses the complaint.

SIGNED on November 14, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge